IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.: 3:06CR196 |
| Plaintiff | : | Judge Sandra S. Beckwith |
| v. | : | |
| MICHAEL E. PEPPEL, | : | |
| Defendant. | | |

**UNITED STATES' MOTION TO STRIKE CLAIM OF
REAL TIME RESOLUTIONS, INC.**

Now comes the United States of America and moves to strike the Claim of Real Time Resolutions, Inc. against the real property known as 9520 Cutlers Trace, Dayton, Ohio 45458 (hereinafter referred to as the "Subject Property") on the grounds that the Claim of the corporation was not filed by counsel.

On September 13, 2011, a Preliminary Order of Forfeiture of the Defendant, Michael Peppel's property, including the Subject Property was entered. (Doc. 212.) That Preliminary Order of Forfeiture ordered the forfeiture of the subject property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property which constitutes or is derived from proceeds traceable to Michael Peppel's violation in Count One of the Superseding Indictment, Conspiracy to Commit Securities Fraud, Mail Fraud and Wire Fraud in violation of 18 U.S.C. §§ 371 and 1349, and pursuant to 18 U.S.C. § 982(a)(1) as property, real or personal, involved in Michael Peppel's violation in Count Twenty Four, Money Laundering in violation of

18 U.S.C. § 1957.

On September 29, 2011, Real Time Resolutions, Inc. through its Assistant Vice President, filed a Claim to the Subject Property. (Doc. 214.)  It appears that the Assistant Vice President of Real Time Resolutions, Inc. is a not an attorney.  Since the filing of the Claim, the United States has attempted to reach out to the Claimant, but numerous calls to Real Time Resolutions, Inc. have gone unanswered.

"It has been the law for the better part of two centuries, for example, that a corporation may appear in federal courts only through licensed counsel."  Rowland v. California Men's Colony, 506 U.S. 194, 202, 111 S.Ct. 716, 121 L.Ed.2d 656 (1993).  The lower courts have held that 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel" does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.  Id. citing United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245, (6th Cir 1969).

A non-attorney Claimant in a forfeiture action does not preserve any right that might have belonged to a corporation, since Claimant, as a non-attorney, can not represent anyone other than himself in federal court.  United States v. Miljam-350 IED Jammers, 669 F.3d 78 (2nd Cir, 2011).

Here, the Claim filed by Real Time Resolutions, Inc. should be stricken because it was not filed by licensed counsel, and the time to file any such claim has expired.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Dwight.Keller @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Strike was served this 13th day of April, 2012, electronically on: all parties of record; and by regular U.S. Mail on: Thomas Plichta, Real Time Resolutions, Inc., 1750 Regal Row Ste 120, Dallas Texas 75235.

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney